F I L E D
United States Court of Appeals
Tenth Circuit

DEC 17 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GENE BAKER,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-6068
(D.C. No. CIV-97-66-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the district court's affirmance of the Commissioner's decision denying his applications for disability insurance benefits and for supplemental security income. Plaintiff argues, as he did before the district court, that (1) the Commissioner failed to consider his combined impairments when determining if his impairments met or equaled a listed impairment and (2) the Commissioner failed to recognize the impact of his mental impairments on his ability to perform other work activity. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

In reviewing this case, we apply the same standard of review that the district court applied. Thus, we review the Commissioner's decision "to determine whether his factual findings are supported by substantial evidence and whether he correctly applied the legal standards." Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

After carefully reviewing the briefs on appeal and plaintiff's appendix, we are satisfied that the district court thoroughly evaluated and properly rejected plaintiff's arguments under the proper standard of review. Therefore, we AFFIRM for substantially the reasons stated by the magistrate judge in his report

and recommendation dated November 17, 1997, and adopted by the district court on January 20, 1998. [1]

Entered for the Court

Wade Brorby
Circuit Judge

[1]    We note that in his brief plaintiff mischaracterized the record twice.    See,
e.g., Zuchel v. City & County of Denver    , 997 F.2d 730, 737 n.2 (10th Cir. 1993)
(pointing out that plaintiff had mischaracterized record and at times arguably
misrepresented it).  First, plaintiff argues based on the testimony of the medical
expert, Dr. Lowell, that he met the listings for coronary artery disease.    See
Appellant's Br. at 10;   see also  id. at 3-4.  Although Dr. Lowell did state that
plaintiff met the listings for a period of time, he further stated that none of
plaintiff's impairments met the listings either singly or in combination after his
bypass surgery.  See Appellant's App. at 15 031-33.  Dr. Lowell merely
recommended additional examination or testing to determine if plaintiff still had
significant coronary disease "according to the listings."    Id. at 15 033-34.  Also,
plaintiff again misstates Dr. Boland's report, despite the district court pointing
out the misstatement.   See id. at 08 010-11 (finding by magistrate judge that
plaintiff mischaracterized Dr. Boland's report).  Plaintiff maintains that
Dr. Boland assessed his mental abilities to do work activities as only fair.    See
Appellant's Br. at 13, 16.  Dr. Boland, however, mostly assessed plaintiff's
abilities as good to fair.   See Appellant's App. at 49 004-05.  We remind counsel
of his professional responsibility to fairly and accurately present the facts of
plaintiff's case.   See United States v. Caro   , 965 F.2d 1548, 1558 n.3 (10th Cir.
1992).